UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PRODUCTIVE MD, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:12-cv-00052 |
| v. ) | |
| ) | Judge Aleta A. Trauger |
| AETNA HEALTH, INC, and ) | |
| AETNA LIFE INSURANCE COMPANY, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Pending before the court are the defendant's Motion to Dismiss, or in the Alternative, for a More Definite Statement (Docket No. 12) and the plaintiff's Motion to File First Amended Complaint (Docket No. 17) ("Motion for Leave to Amend"). For the reasons stated herein, the court will deny the Motion to Dismiss or for a More Definite Statement as moot, the court will grant the plaintiff's Motion for Leave to Amend, the defendants will be without prejudice to respond to the First Amended Complaint under Fed. R. Civ. 12(b)(6) at a later time, and the court will postpone the Initial Case Management Conference and all associated deadlines.

## BACKGROUND

On December 22, 2011, Productive MD filed a Complaint against the defendants (collectively, "Aetna"), alleging that Aetna had wrongfully failed to pay reimbursement claims for services performed by Productive MD and that Aetna had tortiously interfered with Productive MD's contractual and business relations. The original Complaint asserted only state law claims.

On February 13, 2012, Aetna filed a Motion to Dismiss, or in the Alternative, for a More

1

Definite Statement. In its motion, Aetna contended that, even taking the Complaint allegations as true, Productive MD's claims all are governed by – and therefore preempted by – ERISA, Productive MD did not plead that it exhausted its remedies as required by ERISA, and Productive MD had not demonstrated that exhausting its administrative remedies would be futile. Aetna also argued that the tortious interference claim, which was asserted in conclusory fashion, was related to the underlying reimbursement claims and therefore preempted by ERISA. Furthermore, Aetna moved to strike Productive MD's demand for a jury and stated that Productive MD had failed to plead that it had received a valid assignment of benefits from the underlying insureds. In the alternative, Aetna requested that Productive MD provide a more definite statement that, *inter alia*, identified the reimbursement claims and underlying policies.

On March 9, 2012, the court issued an order directing the parties to submit a plan for filing additional information necessary to resolve the Motion to Dismiss. In its Order, the court stated that Productive MD's Complaint did not contain sufficient detail to resolve certain predicate issues, including applicable law (ERISA or state law), assignment, exhaustion, and futility. The court also acknowledged some of the potential deficiencies in the Complaint that Aetna had identified. The parties responded to that order with some of the requested information on March 29, 2012. (Docket Nos. 19 and 20). Among other things, Productive MD has identified the insureds on whose behalf it seeks to recover.[1]

On March 29, 2012, Productive MD also filed a Motion for Leave to Amend (Docket No. 17), which requests leave to file a First Amended Complaint (*id.*, Ex. 1). The First Amended

---

[1] As clarified by Productive MD, the original Complaint included 143 unpaid or partially paid reimbursement claims. In its proposed First Amended Complaint, Productive MD now seeks to assert an additional 39 claims apparently submitted after December 1, 2011.

2

Complaint provides many of the details Aetna demanded in its alternative request for a more definite statement, including an itemized list of the patients on whose behalf Productive MD seeks to recover. Furthermore, the First Amended Complaint includes alternative causes of action under ERISA (as well as the previously asserted state law claims), clarifies that the jury trial request applies only to claims not subject to ERISA, and includes substantially amended allegations (including attached documentation) relating to the issues of assignment, administrative exhaustion, and futility. Finally, the First Amended Complaint includes substantial additional detail concerning the nature of the tortious interference claim.

## **ANALYSIS**

In general, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2) (2011). Here, the First Amended Complaint addresses many of the concerns previously identified by the defendants and the court, including details for which the defendants sought additional clarification. There has been no undue delay, nor does the court perceive that Aetna will suffer any prejudice from this amendment.

Under these circumstances, the court will grant the Motion for Leave to Amend and will deny the Motion to Dismiss or for a More Definite Statement as moot. Aetna is now presented with a substantially more definite statement of Productive MD's allegations.

By granting the Motion for Leave to Amend, the court is not ruling on the sufficiency of the allegations in the First Amended Complaint as to any previously contested issue. Accordingly, Aetna will be without prejudice to respond to the First Amended Complaint under Fed. R. Civ. P. 12(b)(6), if it so chooses. For Rule 12(b)(6) purposes, the court will consider the policy documents (once they are exchanged) as incorporated into the First Amended Complaint.

*See Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997).

Given that the First Amended Complaint includes 39 new reimbursement claims, the court recognizes that Aetna may require additional time to collect and review information pertaining to those newly asserted claims and to produce the underlying policies.[2]

Furthermore, if Aetna ultimately moves to dismiss the First Amended Complaint under Rule 12(b)(6), in whole or in part, the court anticipates that Aetna may raise some of the same arguments asserted in its original Motion to Dismiss. To resolve that motion, the court will be required to consider at least some of the data that the parties will be exchanging pursuant to the March 9, 2012 Order. Accordingly, the parties are encouraged to agree on a timeframe for Aetna's response to the First Amended Complaint that affords sufficient time to complete the exchange of information before an answer or a new Rule 12(b)(6) motion is filed.[3]

## CONCLUSION

Productive MD's Motion for Leave to Amend is hereby **GRANTED**. Productive MD shall file a First Amended Complaint in the form attached at Docket No. 17, Ex. 1. Aetna's Motion to Dismiss or for a More Definite Statement is hereby **DENIED AS MOOT**. Aetna will be without prejudice to respond to the First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), as appropriate.

It is hereby **ORDERED** that the Initial Case Management Conference scheduled for

---

[2] Based on the submissions, it appears that the parties have made substantial progress with regard to exchanging this information as to the 143 previously asserted claims.

[3] If the parties cannot reach agreement on issues concerning the nature of a particular policy, such as whether it permits assignment or whether it is governed by ERISA, the parties will be permitted to brief these issues in the context of the Rule 12(b)(6) motion – assuming that the issues do not implicate disputed facts.

April 6, 2011 is **CONTINUED** and **RESET** for May 4, 2012, at 11:00 am. The court expects that the proposed case management order will incorporate a schedule for providing the information requested in the March 9, 2012 Order as to all 182 claims, as well as a framework for responding to the First Amended Complaint once that exchange of necessary information is completed.

It is so **ORDERED**.

Enter this 3rd day of April 2012.

_____
ALETA A. TRAUGER
United States District Judge